UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20655-BLOOM/Torres

TONI ANN GALATI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND HYBRID EXPERT DISCLOSURE DEADLINE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Extend the Hybrid Expert Disclosure Deadline, ECF No. [26] ("Motion") filed on April 5, 2024. Defendant filed a Response in Opposition, ECF No. [28]. The Court has reviewed the Motion, the Response in Opposition, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Federal Rule of Civil Procedure 16 instructs a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

The expert disclosure deadline in this case expired on January 23, 2024. *See* ECF No. [16]. The discovery deadline expired on February 20, 2024. *Id.* Plaintiff contends good cause exists to extend the expert disclosure deadline in light of a recent surgery Plaintiff underwent on March 2,

2024. ECF No. [26] at 1. Plaintiff seeks to extend the expert disclosure deadline in order to disclose her two principal treating physicians, Dr. Michael Murry and Dr. Howard I. Baum, who "will be testifying as non-retained hybrid witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)." *Id.* at 2. Plaintiff's Motion represents Plaintiff's expert disclosures "could not be prepared until Plaintiff had undergone her March 2, 2024 surgery and the initial results were known." *Id.* Plaintiff also asserts her expert disclosures "were prepared and ready to be sent on March 12, 2024, ten days after the surgery, but were not sent due to a miscommunication between counsel and counsel's legal assistant." *Id.*

Defendant opposes the Motion, and argues Plaintiff fails to show good cause exists. Defendants observe that Plaintiff did not serve any expert disclosures in this case until April 5, 2024, well after the Court's extended January 23, 2024 deadline. Defendant also notes that Plaintiff's March 2, 2024 surgery was the very basis of Defendant's prior motion to extend the dispositive motion deadline in this case, which Plaintiff opposed, and which the Court denied. *See* ECF No. [24]. Defendant contends granting Plaintiff's Motion would be highly prejudicial, as Defendant did not disclose its own experts in light of Plaintiff's decision not to do so, and because granting the Motion would necessarily require extending the expert disclosure and dispositive motion deadlines in this case. As Defendants point out, doing so would delay the scheduled trial.

The Court agrees that Plaintiff fails to show good cause exists to extend the expert disclosure deadline. As noted, other than referencing "a miscommunication between counsel and counsel's legal assistant[,]" Plaintiff fails to articulate a good cause basis for granting her Motion. ECF No. [26] at 2. The Court is unconvinced Plaintiff was unable to inform Defendants of her upcoming surgery and intention to disclose her non-retained treating physicians before March 12, 2024. Plaintiff's Motion otherwise fails to articulate why Plaintiff could not have met the Court's

expert disclosure deadline through the exercise of reasonable diligence. Moreover, as Defendants accurately observe, an overlooked deadline is "within the movant's control and do[es] not constitute excusable neglect." *Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-cv-729-T-33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017); *see also Blake v. Enhanced Recovery Co., LLC*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) ("The fact that this error may have been committed by a paralegal does not excuse it.").

The Court concludes that Plaintiff fails to show good cause exists to extend the expert disclosure deadline contained in the Court's Amended Scheduling Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [26]**, is **DENIED**. This case remains set for trial on June 17, 2024, with calendar call set for June 11, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 19, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record