UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20655-BLOOM/Torres

TONI ANN GALATI,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Toni Ann Galati's Motion for Rehearing or Reconsideration of the Order Denying Plaintiff's Motion to Extend Hybrid Disclosure Deadline, ECF No. [31] ("Motion"). Defendant Royal Caribbean Cruises, Ltd. filed a Response in Opposition, ECF No. [32], to which Plaintiff filed a Reply, ECF No. [34]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.      BACKGROUND

The expert disclosure deadline in this case expired on January 23, 2024. *See* ECF No. [16]. The discovery deadline expired on February 20, 2024. *Id.* On April 19, 2024, the Court denied Plaintiff's Motion to Extend the Hybrid Expert Disclosure Deadline. *See* ECF No. [29] ("Order"). The Court's Order found Plaintiff failed to demonstrate good cause warranting extending the expert disclosure deadline. The Order also observed the basis for Plaintiff's motion, her March 2, 2024 surgery, was the same basis of Defendant's prior motion to extend the pre-trial deadlines in

this case, which Plaintiff opposed, and which the Court denied on March 18, 2024. *See* ECF No. [24].

In her Motion, Plaintiff argues the Court should reconsider its Order because Plaintiff's attempts to schedule her surgery were disclosed to Defendant months before her March 2, 2024 surgery took place, and because failing to extend the expert disclosure deadline will prejudice Plaintiff's ability to satisfy her burden of proof at trial. Alternatively, Plaintiff seeks a continuance of trial and the pre-trial deadlines in this case. Defendant responds that Plaintiff's Motion should be denied because (1) Plaintiff opposed Defendant's prior attempt to jointly extend the expert disclosure and discovery deadlines in this case, (2) Plaintiff fails to show good cause, and extending the expert disclosure deadline will prejudice Defendant, and (3) permitting this extension would significantly delay trial. Defendant also observes Plaintiff fails to articulate a legitimate basis for reconsideration. Plaintiff replies that her Motion identifies two viable bases for reconsideration: (1) the availability of new evidence, an email chain showing Defendant knew Plaintiff anticipated requiring her March 2, 2024 surgery, and (2) the need to prevent manifest injustice, namely, the "exclusion or severe limitation" of Plaintiff's medical testimony if the Court declines to extend the expert disclosure deadline.

## II.  LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving

party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III.  DISCUSSION

Plaintiff's Motion fails to identify a legitimate basis for reconsideration of the Court's Order. Plaintiff replies that the following reasons demonstrate reconsideration is warranted: (1) the availability of new evidence, an email chain showing Defendant knew Plaintiff anticipated requiring her March 2, 2024 surgery, and (2) the need to prevent manifest injustice, namely, the "exclusion or severe limitation" of Plaintiff's medical testimony if the Court declines to extend the expert disclosure deadline. ECF No. [34] at 4. Upon review, however, neither reason sets forth a sufficient basis to warrant reconsideration.

First, Plaintiff's "new evidence" fails to warrant the Court's reconsideration of its Order for several reasons. The email chain Plaintiff shows Plaintiff "advised" Defendant "she is having neck surgery" in January 2024 in December 2023. ECF No. [31-1] at 14; *see also id.* at 11 ("Our

client [Plaintiff] is having surgery between the second and third week of January."). Aside from not being "new" evidence, the fact that Defendant knew Plaintiff planned to have neck surgery fails to show reconsideration is warranted. This evidence in no way demonstrates the Court erred when it concluded Plaintiff failed to show good cause exists to extend the expert disclosure deadline. To the contrary, this email chain makes clear Plaintiff knew she anticipated having neck surgery before the expiration of the expert disclosure deadline—and prior to opposing Defendant's Motion to extend that deadline, among others—but failed to timely disclose her treating physicians. Instead, Plaintiff opposed Defendant's motion to extend the pre-trial deadlines in this case, and belatedly moved to extend the expert disclosure deadline over a month after her March 2, 2024 surgery. Plaintiff's evidence therefore reinforces the Court's finding that no good cause exists to extend the expert disclosure deadline. Reconsideration on this basis is thus unwarranted.

Second, the Court disagrees reconsideration is needed to prevent manifest injustice. Plaintiff contends this is the case because failing to disclose her treating physicians will limit her ability to prove her damages at trial. However, as Defendant reiterates in Response, extending the expert disclosure deadline will prejudice *Defendant* and significantly delay trial. As discussed, Plaintiff was aware of her March 2, 2024 neck surgery before the expiration of the expert disclosure deadlines in this case, failed to timely disclose any experts, and opposed Defendant's attempt to extend that deadline. The Court accordingly disagrees reconsideration is needed to prevent manifest injustice. The record makes clear Plaintiff had ample opportunity to disclose her experts—or to join Defendant's timely motion to extend the deadline to do so—but declined to do so. Further, the Court agrees with Defendant that permitting Plaintiff to belatedly disclose her experts would prejudice *Defendant* and would unreasonably delay trial in this case. Plaintiff has therefore failed to show that reconsideration is necessary to prevent manifest injustice.

Case No. 23-cv-20655-BLOOM/Torres

As noted, Plaintiff alternatively seeks a continuance of the pre-trial deadlines and trial in this case. Federal Rule of Civil Procedure 16 instructs a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). The Court finds Plaintiff fails to show good cause exists for extending the pretrial deadlines and trial in this case for the reasons discussed above, and in the Court's Order.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [31]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 29, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of Record

---

[1] The Court declines to grant Plaintiff's request for hearing for the same reasons. A hearing on this issue is unnecessary, as the record makes clear no good cause exists to extend the expired pretrial deadlines in this case.