UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-20655-BB

TONI ANN GALATI,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
A Liberian Corporation,

      Defendant.

_____/

## <u>JOINT SUMMARY OF MOTIONS IN LIMINE</u>

### <u>Index</u>

Defendant's Motion in Limine to Preclude Cumulative Testimony from Plaintiff's treating physicians ............................................................................................ Pg 3

Defendant's Motion in Limine to exclude evidence or argument regarding dissimilar prior incidents ........................................................................................... Pg 4

Defendant's Motion in Limine to preclude testimony or argument urging jury to "Send A Message" To The Defendant……………………………………………………….................  Pg 5

Plaintiff should be precluded from presenting evidence or argument regarding loss of earning capacity and/or future wages. ………………………………………………………..Pg 6

Plaintiff Should Be Precluded From Offering Any Opinions From Treating Physicians Who Were Not Properly Disclosed Pursuant To Rule 26(A)(2)(C). ………………………………………………………... Pg 7

Defendant's Motion in Limine to preclude evidence or argument that plaintiff requires or may require future surgery or medical care. ………………………………………………………… Pg 8

Defendant's Motion in Limine precluding evidence or argument regarding plaintiff's financial resources……………………………………………………………... Pg 9

Defendant's Motion in Limine precluding reference to Defendant's financial resources or disparity in resources…………………………………………………………………………………………. Pg 10

Defendant's Motion in Limine Precluding Reference To Fact That Defendant Is A Foreign Corporation………………………………………………………………………………………… Pg 10

Defendant's Motion in Limine Precluding Comments By Counsel Concerning Personal Knowledge Or Justness Of Cause.…………………………………………………………. Pg 11

Defendant's Motion in Limine Precluding Plaintiff's Counsel From Making Improper Statements Of Law To The Jury, During Opening, And During Vior Dire. …………………………………………………………………………… Pg 12

Defendant's Motion in Limine Precluding Reference To Jury Verdict Or Settlement In Unrelated Case…………………………………………………………………………………. Pg 13

Defendant's Motion in Limine Precluding Reference Inflammatory Language Or Evidence…………………………………………………………………………………… Pg 13

Defendant's Motion in Limine Precluding Reference To Unrelated Media Reports…………………………………………………………………………………. Pg 14

Plaintiff's Motion in Limine Precluding Evidence and Argument Regarding Noninjured Passengers …………………………………………………………………….. Pg 15

Plaintiff's Motion in Limine Regarding Binding Corporate Representative Testimony ……………………………………………………………………………………….Pg 17

Plaintiff's Motion in Limine Precluding Undisclosed Expert and Surprise Testimony ……………………………………………………………………………………….Pg 18

1.     **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CUMULATIVE TESTIMONY FROM PLAINTIFF'S TREATING PHYSICIANS**

Defendant moves in limine, under Federal Rule of Evidence 403, to preclude the Plaintiff from introducing testimony of treating physicians whose testimony will be duplicative and/or cumulative of other treating physicians' testimony. Rule 403 states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Accordingly, the Court may prevent a party from improper bolstering and vouching for experts by calling successive expert witnesses to testify regarding the same topic. *See Royale Green Condo. Assn, Inc. v. Aspen Specialty Ins. Co.*, No. 07 CIV-21404, 2009 WL 2208166 (S.D. Fla. July 24, 2009); *see also U.S. v. Masferrer*, 367 F. Supp. 2d 1365, 1374 (S.D. Fla. 2005) (exclusion of expert testimony is appropriate under Rule 403 if such testimony is cumulative or needlessly time consuming).

**Plaintiff's Response:** As previously explained to the Court, Howard I. Baum, M.D. examined and treated Plaintiff before and after her March 2, 2024, cervical disc surgery, while Dr. Michael Murray performed the surgery itself. Their testimony will not be cumulative.

**2.     DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING DISSIMILAR PRIOR INCIDENTS.**

Should Plaintiff attempt to offer evidence of prior incidents, Plaintiff cannot meet her burden to prove that any prior accidents or complaints are substantially similar to the subject incident, which involves a claim that the closet door collapsed and/or broke. *See Pinchinat v. Graco Children's Prods.*, 2005 U.S. Dist. LEXIS 37181, *1 (M.D. Fla. Apr. 7, 2005) (noting that the proponent of other claims/accidents evidence must lay the requisite substantial similarity predicate). As such, any evidence or testimony pertaining to prior accidents or complaints should be excluded for failure to meet this prerequisite to admissibility. Evidence of prior accidents or incidents is highly prejudicial. *See Miller ex rel. Miller v. Ford Motor Co.*, 2004 WL 4054843 *1 (M.D. Fla. July 22, 2004). The Eleventh Circuit has recognized the potentially prejudicial impact that alleged prior incidents can have on juries and has thus found that, to be admissible, prior incidents (1) must have occurred under substantially similar conditions and (2) must have occurred at a time that is not too remote from the incident in question. *See id.*; *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988); *Weeks v. Remington Arms Co., Inc.*, 733 F.2d 1485, 1491 (11th Cir. 1984); *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985); *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 649 (11th Cir. 1990); *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). The party intending to offer evidence of prior incidents bears the burden of showing the substantial similarity between the prior incidents and the incident at issue. *See Croskey v. BMW of North America, Inc., 2005 U.S. Dist. LEXIS 54700.*

**Plaintiff's Response:**  *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015)("The 'substantial similarity' doctrine does not require identical circumstances, and allows

for some play in the joints depending on the scenario presented and the desired use of the evidence."). Defendant has not pointed to any proffered evidence of dissimilar incidents and indeed, as acknowledged in the deposition of Defendant's corporate representative, there were at least six (6) attempts, before the closet door in Plaintiff's stateroom came off its hinges and fell on her, to repair the door and its hinges. (Deposition of Amanda Campos, corporate representative, February 12, 2024, at 13:23-17:4, 21:9-13).

###    3.    DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OR ARGUMENT URGING JURY TO "SEND A MESSAGE" TO THE DEFENDANT.

Comments to a jury urging them to "teach the defendant a lesson" or "let them know they can't get away with it" are prejudicial, and the allowance of same constitutes reversible error. For example, in *Neal v. Toyota Motor Corp.*, 823 F. Supp. at 942-45, the plaintiff's counsel made a "send the message argument" by stating among other things: "I submit to you that the evidence in this case has shown that Toyota is not interested in the truth, they made no effort to seek it or find it out, and we're going to ask you at the close of this case to render a verdict that tells them the truth." *See Neal v. Toyota Motor Corp.*, 823 F. Supp. 939. The Court found these comments highly inappropriate. *See also Erie Insurance Co. v. Bushy*, 394 So. 2d 228, 229 (Fla. 5th DCA 1981) (holding that a plaintiff's attorney request of jurors to "send a message to those people and let them know that they are going to have to pay a penalty," was improper).

**Plaintiff's Response:** Plaintiff's counsel is aware of the rules regarding closing argument and has no intention of offering improper closing argument. There is no factual basis in the record to suggest that Plaintiff will engage in any improper closing argument. Generic, boilerplate motions such as this one, not tied to any potential evidence in the record merely waste the time of

the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

## 4.    PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING LOSS OF EARNING CAPACITY AND/OR FUTURE WAGES.

Plaintiff has alleged that due to the alleged incident she has a loss of earning capacity and will lose future wages. While any estimation of future income is likely to be somewhat speculative, it nevertheless must have some basis in reality and not be the product of wholesale speculation. *Villalobos v. Am. Airlines, Inc.*, 1998 U.S. Dist. LEXIS 23635, *19-20 (S.D. Fla. 1998) (Court granted summary judgment on issue of future lost earnings based upon plaintiff's failure to provide sufficient evidence to establish loss.) Accordingly, Defendant moves to preclude Plaintiff from presenting testimony or argument that she lost earning capacity or future wages.

**Plaintiff's Response:** Plaintiff has testified to her work experience and history in her deposition, which provides a basis for testimony regarding her loss of earning capacity.

**5.     PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY OPINIONS FROM TREATING PHYSICIANS WHO WERE NOT PROPERLY DISCLOSED PURSUANT TO RULE 26(A)(2)(C).**

Plaintiff failed to disclose expert witnesses. Therefore, plaintiff should be precluded from offering any opinions from her treating physicians that were not properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(C).  *See* Scott v. Carnival, 2024 U.S. Dist. LEXIS 43713 and *see* Chappell v. Carnival, 2023 U.S. Dist. LEXIS 67845.

**Plaintiff's Response:**   Treating physician Howard I. Baum was disclosed in Plaintiff's initial Rule 26 disclosures, and his records were provided timely to Defendant, including records provided in August of 2023.  Records of Plaintiff's cervical disc surgeon Michael Murray, M.D. were provided as soon as they were available, and Defendant knew months in advance of the surgery that it was anticipated.

**6.     DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT THAT PLAINTIFF REQUIRES OR MAY REQUIRE FUTURE SURGERY OR MEDICAL CARE**.

Defendant moves to preclude any evidence or argument that Plaintiff requires or may require surgery or other medical care in the future. No expert opinion was disclosed under either Fed. R. Civ. P. 26(a)(2)(B) or Fed. R. Civ. P. 26(a)(2)(C) that Plaintiff will require surgery or any other medical care in the future. "Only those future medical expenses that are reasonably certain to be incurred are recoverable as damages in a personal injury action, and it follows that a recovery of future medical expenses cannot be grounded on the mere possibility that certain treatment might be obtained in the future." *Frost v. McNeilus*, No. 8:14-CV-81-T-24 MAP, 2015 U.S. Dist. LEXIS 21894, 2015 WL 773352, at *3 (M.D. Fla. Feb. 24, 2015). "Indeed, it is a long standing principle that only those future medical expenses that are "reasonably certain to be incurred are recoverable." *Mizrahi v. Yamaha Motor Corp., U.S.A.*, No. 17-24484-CIV, 2019 U.S. Dist. LEXIS 125294, 2019 WL 3318527, at *12 (S.D. Fla. July 19, 2019) *Report and Recommendation adopted Mizrahi v. Yamaha Motor Corp.*, No. 17- 24484-CIV, 2019 U.S. Dist. LEXIS 125289, 2019 WL 3315142 (S.D. Fla. July 23, 2019).

**Plaintiff's Response:**   Treating physician Howard I. Baum was disclosed in Plaintiff's initial Rule 26 disclosures, and his records were provided timely to Defendant, including records provided in August of 2023.  Records of Plaintiff's cervical disc surgeon Michael Murray, M.D. were provided as soon as they were available, and Defendant knew months in advance of the surgery that it was anticipated.

### 7.   DEFENDANT'S MOTION IN LIMINE PRECLUDING EVIDENCE OR ARGUMENT REGARDING PLAINTIFF'S FINANCIAL RESOURCES

Reference to Plaintiff's limited financial resources, or need for financial compensation, will serve only to prejudice the jury against Defendant and in favor of Plaintiff. Evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *City Provisioners, Inc. v. Anderson,* 578 So.2d 855, 856 (Fla. 5th DCA 1991). Such comments, which serve only to misdirect the jury's attention from the factual and legal issues at hand, are improper and impermissible. *Id.* "Argument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234, 241 (Fla. 5th DCA 1991), *rev. denied,* 601 So.2d 551 (Fla. 1992) (citations omitted). Therefore, this Court should not permit any reference to the wealth or poverty of Plaintiff. *See Brough v. Imperial Sterling, Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (citing *Batlemento,* 593 So.2d at 241).

**Plaintiff's Response:** Plaintiff has no intention of offering argument or testimony regarding the financial resources of the parties, except insofar as reference to Plaintiff's earning history will be necessary to support Plaintiff's claim for loss of earning capacity.  The jury in any event will be instructed in accordance with the Eleventh Circuit pattern instructions that corporations such as Defendant are to be treated equally with individuals. Furthermore, generic, boilerplate motions such as this one, not tied to any potential evidence in the record, merely waste the time of the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

**8.     DEFENDANT'S MOTION IN LIMINE PRECLUDING REFERENCE TO DEFENDANT'S FINANCIAL RESOURCES OR DISPARITY IN RESOURCES**

Similarly, this Court should also disallow any reference to Defendant's superior financial resources vis-a-vis Plaintiff. *Id*.; *see also Batlemento*, 593 So.2d at 241; *Carnival Cruise Lines v. Rosania,* 546 So.2d 736, 737 (n.1) (Fla. 3d DCA 1989) ("They have a doctor, the best that money could buy. They went out and got a doctor...and think about how Carnival Cruise Lines defended this particular case,");  *Klein v. Herring*, 347 So.2d 681, 682 (Fla. 3d DCA 1977) ("Think about the resources and the ability that State Farm Insurance Company has,"); See *Geddes v. United Fin. Group*, 559 F.2d 557 ("the ability of a defendant to pay injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result").

**Plaintiff's Response:**  See Plaintiff's Response to Defendant's Motion in Limine Number 7.

**9.     DEFENDANT'S MOTION IN LIMINE PRECLUDING REFERENCE TO FACT THAT DEFENDANT IS A FOREIGN CORPORATION.**

Any reference to the fact that Defendant is a foreign corporation doing business in Florida or that certain vessels are foreign flagged is wholly irrelevant to the factual and legal issues at hand and will serve only to prejudice the jury against Defendants. For example, in *Neal v. Toyota Motor Corp*., 823 F. Supp. 939 (N.D. Ga. 1993), Plaintiff's counsel made a xenophobic argument regarding the Japanese corporation defendant, Toyota Motor Corp., in an attempt to prejudice the jury or create an "us vs. them" mentality. *See Neal*, 823 F. Supp. at 943. The Court found that such references coupled with other improper remarks were highly improper.  *Id*. at 943-44; *see also Knepper v. Genstar Corp.,* 537 So.2d 619, 621-22 (Fla. 3d DCA 1988) (ordering a new trial when the Plaintiff's attorney stressed the defendant's Canadian affiliations in an apparent attempt to elicit prejudice from the jury).

10

**Plaintiff's Response:** Plaintiff has no intention of referencing Defendant's jurisdiction of incorporate or the flag state of its vessels.  Reference to the unavailability of specific witnesses located outside of Florida or outside of the United States may be necessary. Furthermore, generic, boilerplate motions such as this one, not tied to any potential evidence in the record, merely waste the time of the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

**10.    DEFENDANT'S MOTION IN LIMINE PRECLUDING COMMENTS BY COUNSEL CONCERNING PERSONAL KNOWLEDGE OR JUSTNESS OF CAUSE.**

Courts have long held that an attorney may not express his personal opinion as to the justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *See United States v. Young*, 470 U.S. 1 (1985); *Polansky v. CNA Ins. Co.*, 852 F.2d 626, 627-28 (1st Cir. 1988); *Fineman v. Armstrong World Indus.*, 774 F.Supp. 266, 270 (D.N.J. 1991). Defendant therefore requests this Court preclude Plaintiff's counsel from making these sorts of comments.

**Plaintiff's Response:**  Plaintiff's counsel is aware of the rules governing closing argument and has no intention to offer improper argument. Furthermore, generic, boilerplate motions such as this one, not tied to any potential evidence in the record, merely waste the time of the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

**11.    DEFENDANT'S MOTION IN LIMINE PRECLUDING PLAINTIFF'S COUNSEL FROM MAKING IMPROPER STATEMENTS OF LAW TO THE JURY, DURING OPENING, AND DURING VIOR DIRE.**

It is well-settled that responsibility for jury instructions on applicable law and its meaning rests solely with the trial court.  Accordingly, any discussion by attorneys concerning applicable law prior to the Court's instruction to the jury concerning same is both misleading and confusing to the jury.  *See e.g. Roberson v. State,* 24 So. 474 (Fla. 1898) (court properly prevented defense counsel from discussing definition of circumstantial evidence in voir dire); *U.S. v. Crockett*, 813F.2d 1310 (4th Cir. 1987) (court properly suggest that counsel from arguing to the jury his definition of reasonable doubt in closing argument). Similarly, arguments that misstate the law or suggest that the law should  be  disregarded  in  deciding  a  particular  case  are  improper. *See Eberhardt v. State*, 550 So.2d 102 (Fla. lst DCA 1989).

In addition, arguments that misstate the law or suggest that the law should be disregarded in deciding a particular case are improper. *Eberhardt*, 550 So.2d 102. Similarly, it is well settled that the purpose of voir dire is "to ascertain the qualifications of persons drawn as jurors and whether they would be absolutely impartial in their judgment." *Mizell v. New Kingsley Beach, Inc.,*122 So.2d 225\ (Fla. 1st DCA 1960). As such, it is improper to attempt to use voir dire to "condition" prospective jurors on the merits of the case. *Tampa Electric Company v. Bazemore,* 96 So. 297 (Fla. 1923) (improper to interrogate juror concerning merits of case and applicable law).

In the same vein, the purpose of opening argument is to discuss what the parties expect the evidence will show, and not to discuss counsel's interpretation of the law applicable to a given case.  As such, it is improper for counsel to read either statutes, legal extracts, or legal opinions to

the jury in opening argument.  *Tindall v. State,* 128 So. 494 (Fla. 1930); *Brownlee v. State,* 116 So. 618 (Fla. 1928).

      **Plaintiff's Response:**  Plaintiff's counsel is aware of the rules governing closing argument and has no intention to offer improper argument. Furthermore, generic, boilerplate motions such as this one, not tied to any potential evidence in the record, merely waste the time of the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

      **12.    DEFENDANT'S MOTION IN LIMINE PRECLUDING REFERENCE TO JURY VERDICT OR SETTLEMENT IN UNRELATED CASE**

      Defendant requests this Court preclude any statements or argument involving settlement or a jury award in an unrelated case or matter. It is reversible error to allow argument concerning a jury's award or settlement in an unrelated case. *See Wright and Ford Millworks, Inc. v. Long,* 412 So.2d 892 (Fla. 5th DCA 1982).

      **Plaintiff's Response:**  See responses to Defendant's motions 3, 7, 9, 10 and 11.

      **13.    DEFENDANT'S MOTION IN LIMINE PRECLUDING REFERENCE INFLAMMATORY LANGUAGE OR EVIDENCE**

      Defendant requests this Court preclude Plaintiff's counsel from making reference to inflammatory language or evidence. Words and evidence put forth by the Plaintiff which solely aim to inflame and prejudice the jury must be stricken.  Inflammatory, irrelevant evidence is improper and inadmissible, and under appropriate circumstances, its admission may constitute reversible error. *Brandom v. U.S.*, 431 F.2d 1391 (7th Cir. 1970); *cert. den'd*, 91 S.Ct. 586, 400 U.S. 1022 (1970). This Court has wide discretion in excluding testimony and statements which may confuse issues or inflame the jury. *U.S. v. Ravich*, 421 F.2d 1196 (2d Cir. 1970), *cert. den'd, 91* S. Ct. 69, 400 U.S. 834 (1970).

**Plaintiff's Response:** See responses to Defendant's motions 3, 7, 9, 10, 11 and 12.

**14.    DEFENDANT'S MOTION IN LIMINE PRECLUDING REFERENCE TO UNRELATED MEDIA REPORTS**

Attempts at introduction into evidence of media investigative reports and/or news stories regarding Royal Caribbean and/or the cruise line industry are immaterial and would serve only to confuse the issues before the jury.  Unless any such reports concern incidents which are similar in their causes and conditions to the subject incident, they are inadmissible. *I.B.L. Corp. v. Florida Power & Light Co.*, 400 So.2d 1288 (Fla.  3d DCA  1981); *see also Short v. Allen, 254* So. 2d  34 (Fla. 3d DCA 1971); *Railway Express Agency v. Fulmer*, 227 So.2d 870 (Fla. 1969); *Elias v. Evenflo Company, Inc*., 2005 U.S. Dist. LEXIS 36460 (M.D. Fla. 2005).

**Plaintiff's Response:**  Plaintiff is not sure to what Defendant might be referring in this motion.  In any event, Plaintiff has no intention of offering irrelevant evidence. Furthermore, generic, boilerplate motions such as this one, not tied to any potential evidence in the record, merely waste the time of the Court and parties and should be summarily denied. *See, e.g., Puff Corp. v. SHO Products, LLC*, 2024 U.S. Dist. LEXIS 102024 at * 4 (C.D. Cal. Case No. CV 22-2008-GW-KSx, June 7, 2024).

**15.    PLAINTIFF'S MOTION IN LIMINE – EVIDENCE REGARDING NONINJURED**

**PASSENGERS**

Plaintiff, TONI ANN GALATI, by and through undersigned counsel, moves in limine to prevent Defendant ROYAL CARIBBEAN CRUISES, LTD. from presenting evidence or argument before the jury to the effect that a large or presumably large number of passengers on ROYAL CARIBBEAN cruise vessels in general, the EXPLORER OF THE SEAS in particular, or both, had used stateroom closets without the closet doors coming loose or falling on them, as occurred when Ms. GALATI attempted to open her stateroom closet door on January 22, 2022. Any evidence of the non-occurrence of prior accidents or injuries is admissible only in the narrow circumstance where the party can "show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017); *see Baptista v. Carnival Corporation,* 2018 U.S. Dist. LEXIS 228821 at **5-6, 2018 WL 1226041 (S.D. Fla. Case No. 1:17-cv-22115-KMM, March 5, 2018) (insufficient foundation to admit evidence of absence of prior accidents at pier injuring disembarking passengers, other than on the date of Baptista's injury, where Carnival had "failed to establish that the circumstances under which passengers disembarked on those other occasions were substantially similar to the circumstances under which Plaintiff disembarked."); *Diczok v. Celebrity Cruises, Inc.*, 2017 U.S. Dist. LEXIS 116820, 2017 WL 3206327 (S.D. Fla. Case No. 16-210110-CIV-SEITZ/TURNOFF, July 26, 2017)(party seeking to rely on evidence of the absence of prior incidents "must show that conditions during the period in question were substantially similar  to those prevailing at the time of the accident.").   In this case ROYAL CARIBBEAN cannot lay the necessary foundation, so nonoccurrence evidence and argument should be excluded.

**WHEREFORE**, Plaintiff requests entry of a motion in limine as summarized above.

**<u>Defendant's Response</u>**

In *Johnson v. Carnival Corp*., 2021 U.S. Dist. LEXIS 70096 (S.D. Fla. 2021, the Court held with regard to a motion to exclude argument regarding the absence of prior incidents, "[t]he Court does not find that the proposed evidence is clearly inadmissible on all potential grounds…[h]ere…the evidence is relevant to the defense of lack of notice…*quoting Koloda v. Gen. Motors Parts Div., Gen Motors Corp*., 716 F.2d 373, 376 (6th Cir. 1983) ("The only feasible way of demonstrating lack of notice is to show that the channels which would have normally yielded such information (i.e., reports of prior claims or complaints) did not do so. Such a means of proof should not be precluded without good cause.")). As a result, Plaintiff's motion in limine to exclude such evidence is denied."

Moreover, Plaintiff's motion cites to *Acevedo v. NCL (Bah.) Ltd*., 317 F. Supp. 3d 1188 (S.D. Fla. 2017). There the Court ruled, "[t]he motion is granted but the Court notes that Defendant may move for reconsideration if it proffers the requisite information to lay such a foundation." Here, Defendant will do the same, introducing evidence that the conditions during the period in question were substantially similar to those prevailing at the time of the accident. Thus, Plaintiff's motion should be denied.

**16.    PLAINTIFF'S   MOTION   IN   LIMINE   –   BINDING   CORPORATE RESPRESENTATIVE TESTIMONY**

Plaintiff moves in limine to prevent Defendant from presenting evidence from its corporate representative deviating materially from the binding testimony of corporate representative Amanda Campos at deposition, in particular her testimony regarding matters as to which she professed limited knowledge. *See  QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012)( a corporate representative's answer at a Rule 30(b)(6) deposition professing "lack of knowledge" regarding a designated topic "is itself an answer which will bind the corporation at trial."); *Don Goyo Aviation Corp. v. Catlin Ins. Co.*, 2018 U.S. Dist. LEXIS 168100 at *12 (S.D. Fla. Case No. 17-22390-CIV-COOKE/GOODMAN, September 27, 2018), *citing QBE Ins. Corp.*, 277 F.R.D. at 690 ("As a natural consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial'").

In this case, Ms. Campos as corporate representative testified from a spreadsheet to a series of six efforts by ROYAL CARIBBEAN, from March 30, 2019 (on two occasions) through March 8, 2020, to repair the hinges on the closet door in Ms. GALATI's stateroom. (Deposition of Amanda Campos, corporate representative, February 12, 2024, at 13:23-17:4, 21:9-13).   She indicated that the carpenter performing the work had no independent recollection of the work, and had no knowledge of it other than what was referenced in the spreadsheet. (Campos at 21:3, 41:12-42:2).   At trial, based on *QBE* and *Don Goyo*, Defendant's corporate representative should not be allowed materially to modify this testimony, for example by claiming that the assistant carpenter now has the specific recollection of his work that he did not have when interviewed.

**WHEREFORE**, Plaintiff requests entry of a motion in limine as summarized above.

17

**Defendant's Response**

At the outset it must be noted that no question is pending for the witness and use of her deposition for impeachment is the proper method for questioning the witness, not use of a motion in limine. Moreover, Plaintiff omits pertinent portions of the opinion in *QBE Insurance Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012) as it pertains to a Rule 30(b)(6) deposition which apply here: "a 30(b)(6) witness need not have personal knowledge of the designated subject matter."

## 17.    PLAINTIFF'S MOTION IN LIMINE – DEFENSE EXPERT AND SURPRISE TESTIMONY

Plaintiff moves in limine to prevent Defendant from presenting evidence at trial from undisclosed or untimely disclosed experts, in particular defense medical examiner Jerry Sher, M.D., Tyler Kress, apparently a liability expert, and assistant carpenter Ramos Erickson. Dr. Sher examined Plaintiff on January 22, 2024, pursuant to Federal Rule of Civil Procedure 35, but failed to provide a report of his examination and has never been deposed or offered for deposition. *See* Fed. R. Civ. Pro. 35(b)(5). ROYAL CARIBBEAN also failed to serve any expert disclosure pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C), listing Dr. Sher, or any other expert in any field, as an expert; Defendant provided neither expert reports nor expert summaries. There is no report from Defendant's listed liability expert, Tyler Kress, and no summary or disclosure of his testimony was ever provided.

With respect to Mr. Erickson, the carpenter, Defendant has never disclosed him as an expert, either. He has never been offered for deposition despite Plaintiff's request. As indicated in Plaintiff's Motion in Limine Number 2, Defendant's position as of February of this year was

that he had no independent recollection of his work on the door in question.  Under the circumstances he also should not be allowed to give last-minute surprise testimony.

**WHEREFORE**, the Plaintiff requests entry of an order in limine as summarized above.

**<u>Defendant's Response</u>**

Plaintiff disclosed no experts under Rule 26(a)(2)(B) or (C).  Plaintiff refused to join Defendant's motion to enlarge deadlines which the Court then denied [DE 24]. Then realizing her failure to disclose experts and join Defendant's motion was fatal to her claim, Plaintiff twice moved to disclose experts which the Court denied. [DE 29 and 38].  Plaintiff has now taken to re-branding her barred experts "fact" witnesses. [DE 41 to which Defendant is responding on June 10th].  Accordingly, in an abundance of caution Defendant has listed Dr. Sher and Dr. Kress as experts despite Plaintiff never disclosing any experts.  Moreover, as noted above, Plaintiff refused to join Defendant's motion to extend discovery which would have allowed Plaintiff to depose Mr. Erickson of which she now complains.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(3)

Counsel for the parties hereby certify that they have conferred regarding each of the motions in this joint summary and have been unable to reach an agreement except as indicated above.

Respectfully submitted,

| | |
|---|---|
| **<u>s/EDWARD S. SCHWARTZ</u>**<br>Edward S. Schwartz<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>Nicholas I. Gerson<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>Attorneys for Plaintiff<br>1980 Coral Way<br>Miami, FL 33145-2624<br>Telephone:        (305) 371-6000<br>Facsimile:        (305) 371-5749<br>*Attorneys for Plaintiff* | **<u>s/ANDREW D. CRAVEN</u>**<br>Andrew Craven<br>Florida Bar No. 185388<br>acraven@chartwelllaw.com<br>jmarti@chartwelllaw.com<br>CHARTWELL LAW OFFICES, L.L.P.<br>100 S.E. 2nd Street<br>Miami, Florida 33131<br>Telephone: (305) 372-9044<br>Facsimile: (305) 372-5044<br>*Attorneys for Defendant* |

**<u>SERVICE LIST</u>**

CASE NO. 1:23-CV-20655-BLOOM

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No.: 127290<br>pgerson@gslawusa.com<br>**Nicholas I. Gerson, Esq**.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz , Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**Jared Ross, Esq.**<br>Florida Bar No.: 0083857<br>jross@gslsawusa.com<br>Gerson & Schwartz, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:     (305) 371-6000<br>Facsimile:     (305) 371-5749<br>*Attorneys for Plaintiff* | **Andrew D. Craven, Esq.**<br>Florida Bar No.: 185388<br>acraven@chartwelllaw.com<br>jmarti@chartwelllaw.com<br>The Chartwell Law Offices, LLP<br>100 SE 2nst Street., Suite 2150<br>Miami, FL 33131<br>*Attorneys for Defendant* |