UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20655-BLOOM/Torres

TONI ANN GALATI,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## ORDER ON JOINT MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon the Parties' Joint Motion in *Limine*, ECF No. [44] ("Joint Motion"). The Court has considered the Joint Motions, the record in this case, the relevant law, and is otherwise full advised. For the reasons that follow, the Joint Motions *in Limine* are granted in part and denied in part.

**I. BACKGROUND**

The Parties filed their Joint Motions *in Limine* pursuant to the Court's Amended Scheduling Order, ECF No. [25], on June 10, 2024.[1] Defendant's Motion *in Limine* seeks to exclude the following evidence or testimony: (1) cumulative testimony from Plaintiff's treating physicians; (2) evidence or argument regarding dissimilar prior incidents; (3) testimony or argument that the jury should "send a message" to Defendant; (4) evidence or argument regarding Plaintiff's lost earning capacity or future lost wages; (5) evidence or argument regarding Plaintiff's financial resources; (6) references to Defendant's financial resources or to a disparity in resources between the Parties; (7) references to the fact that Defendant is a foreign

---

[1] The Court granted the Parties an extension of time to file all pretrial filings, including the Joint Motions, by June 10, 2024. *See* ECF No. [40].

corporation; (8) comments by counsel concerning personal knowledge or justness of cause; (9) improper statements of law to the jury, during opening statements, and during voir dire; (10) references to jury verdicts or settlements in unrelated cases; (11) inflammatory language or evidence; and (12) unrelated media reports.

Plaintiff's Motions *in Limine* seek to exclude the following evidence or testimony: (1) evidence or argument regarding non-injured passengers; and (2) testimony from Defendant's corporate representative that materially deviates from her deposition testimony.[2]

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor*

---

[2] The Parties seek to exclude evidence or testimony from untimely or undisclosed experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(c). The Court's Amended Scheduling Order, ECF No. [16], provides "[a]ll dispositive pre-trial motions … which include[s] motions to strike experts []" must be filed by March 13, 2024. The Parties did not file any pre-trial motions. The Court repeatedly denied the Parties' requests to extend the expert disclosure and dispositive motion deadlines for failing to show good cause. *See* ECF Nos. [24], [29], [31]. Moreover, *both* Parties previously opposed extensions of those deadlines. *See* ECF No. [29] at 2. The Court accordingly will not consider the Parties' untimely requests to strike undisclosed expert testimony or evidence.

*Co.*, No. 01-CV-545, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function … is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

**III. DISCUSSION**

    **A.   Defendant's Motions *in Limine***

As noted above, Defendant's Motions *in Limine* seeks to exclude the following evidence or testimony: (1) cumulative testimony from Plaintiff's treating physicians; (2) evidence or argument regarding dissimilar prior incidents; (3) testimony or argument that the jury should "send a message" to Defendant; (4) evidence or argument regarding Plaintiff's lost earning

capacity or future lost wages; (5) evidence or argument regarding Plaintiff's financial resources; (6) references to Defendant's financial resources or to a disparity in resources between the Parties; (7) references to the fact that Defendant is a foreign corporation; (8) comments by counsel concerning personal knowledge or justness of cause; (9) improper statements of law to the jury, during opening statements, and during voir dire; (10) references to jury verdicts or settlements in unrelated cases; (11) inflammatory language or evidence; and (12) unrelated media reports.

### i. Cumulative testimony from Plaintiff's treating physicians

Defendant first moves to exclude duplicative testimony from Plaintiff's treating physicians. For support, Defendant observes expert testimony may be limited when that testimony becomes cumulative or needlessly time consuming. *See, e.g., Royale Green Condo. Assn, Inc. v. Aspen Specialty Ins. Co.*, Case No. 07 CIV-21404, 2009 WL 2208166, at *2 (S.D. Fla. July 24, 2009); *U.S. v. Masferrer*, 367 F. Supp. 2d 1365, 1374 (S.D. Fla. 2005). Plaintiff responds that the testimony of her treating physicians, Dr. Howard I. Baum and Dr. Michael Murray, will not be cumulative. Plaintiff points out that "Dr. Baum examined her before and after her March 2, 2024, cervical disc surgery, while Dr. Michael Murray performed the surgery itself." Joint Motion at 3.

The Court agrees with Plaintiff. Defendant fails to support its assertion that Dr. Baum's testimony and Dr. Murray's testimony should be limited because it will be cumulative. Moreover, Plaintiff accurately observes Dr. Baum and Dr. Murray provided different forms of treatment at different points in time. Defendant has accordingly failed to show this testimony should be categorically excluded as cumulative and the Joint Motion is denied as to this issue.

### ii. Dissimilar prior incidents

Defendant next moves to exclude evidence of prior incidents. Defendant argues this evidence must be excluded because "Plaintiff cannot meet her burden to prove that any prior accidents or complaints are substantially similar to the subject incident, which involves a claim that the closet door collapsed and/or broke." Joint Motion at 4. Defendant accurately observes Plaintiff must show prior incidents were substantially similar and not too remote in time to be admissible. *See, e.g.*, *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988). Plaintiff responds that Defendant has not pointed to any purportedly dissimilar incidents and Defendant's corporate representative testified that six prior attempts were made to fix the closet door at issue.

The Court agrees with Plaintiff. Defendant has failed to identify the dissimilar incidents and why they are dissimilar. As such, Defendant has failed to meet its burden to establish that the evidence should not be admissibile.

### iii. Comments urging jury to "send a message" to Defendant

Defendant argues that Plaintiff should be precluded from commenting that the jury should "send a message" to Defendant, such as by urging the jury to "teach defendant a lesson[.]" Joint Motion at 5. Defendant contends references to Plaintiff's limited financial resources or the need to "send Defendant a message" must be excluded because such statements are unfairly prejudicial and constitute reversible error. Plaintiff responds that she has no intention of referencing any need to "send Defendant a message," nor does she intend to induce the Court to commit reversible error by admitting such evidence. The Court accepts Plaintiff's representation, considers the argument improper, and the Joint Motion is granted as to this issue.

### iv. Loss of earning capacity or future wages

Defendant argues Plaintiff should be precluded from presenting evidence or argument regarding loss of earning capacity or future wages. For support, Defendant observes that such evidence must "not be the product of wholesale speculation." Joint Motion at 6 (citing *Villalobos v. Am. Airlines, Inc.*, Case No. 96-cv-6413, 1998 WL 1770592, at *6 (S.D. Fla. 1998)). Plaintiff responds that her deposition testimony addresses her work experience, which provides a reasonable basis for testifying that she suffered damages for lost earnings or future wages at trial.

The Court agrees with Plaintiff. Defendant accurately observes evidence of lost earning capacity or future wages cannot be wholly speculative. However, Defendant does not challenge the sufficiency of Plaintiff's deposition testimony, nor does it articulate why Plaintiff's testimony on this issue would be unduly speculative. The Joint Motion is accordingly denied as to this issue.

### v. References to Plaintiff's financial resources

Defendant argues Plaintiff should be precluded from referencing Plaintiff's limited financial resources or need for compensation. Defendant contends that references to Plaintiff's limited financial resources must be excluded because such statements are unfairly prejudicial and constitute reversible error. Plaintiff responds that it has no intention of referencing Plaintiff's limited financial resources, nor does she intend to induce the Court to commit reversible error by admitting such evidence. The Court accepts Plaintiff's representation, considers such evidence improper, and the Joint Motion is granted as to these issues.

### vi. References to Defendant's financial resources or to a disparity in resources between the Parties

Defendant argues Plaintiff should also be precluded from referencing Defendant's superior financial resources. Plaintiff responds that it has no intention of referencing Defendant's financial resources, nor does she intend to induce the Court to commit reversible error by admitting such evidence. The Court accepts Plaintiff's representation, considers such reference improper, and the Joint Motion is granted as to this issue.

### vii. References to Defendant being a foreign corporation

Defendant next argues Plaintiff should be precluded from referencing "the fact that Defendant is a foreign corporation doing business in Florida or that certain vessels are foreign flagged" because those facts are irrelevant and prejudicial. Joint Motion at 10. Plaintiff responds that it has no intention of referencing these facts. The Court accepts Plaintiff's representation, considers such reference to be improper, and the Joint Motion is granted as to this issue.

### viii. Comments by counsel concerning personal knowledge or justness of cause

Defendant argues Plaintiff's counsel should be precluded from making comments regarding the justness of Plaintiff's case or regarding his personal knowledge of the case. Plaintiff's counsel responds that he has no intention of making any such comments. The Court accepts counsel's representation, and the Joint Motion is granted as to this issue.

### ix. Improper statements of law to the jury

Defendant argues Plaintiff's counsel should also be precluded from making improper statements of law to the jury, including during opening statements and *voir dire*. Plaintiff's counsel responds that he has no intention of making any improper statements to the jury. The Court accepts counsel's representation, and the Joint Motion is granted as to this issue.

### x.  Reference to a jury verdict or settlement in unrelated cases

Defendant argues any argument or statements involving settlements or jury awards in unrelated cases should be precluded. Plaintiff responds that she has no intention of making any argument or introducing any evidence regarding unrelated settlements or jury awards. The Court accepts Plaintiff's representation, and the Joint Motion is granted as to these issues.

### xi.  Inflammatory language or evidence

Defendant argues Plaintiff's counsel should be precluded from referencing inflammatory language or evidence. Plaintiff's counsel responds that he has no intention of referencing any inflammatory language or evidence. The Court accepts counsel's representation, and the Joint Motion is granted as to these issues.

### xii.  Unrelated media reports

Defendant argues Plaintiff should be precluded from introducing evidence of media reports or news stories regarding Royal Caribbean or the cruise ship industry more generally. describe substantially similar incidents. *See, e.g.*, *I.B.L. Corp. v. Florida Power & Light Co.*, 400 So.2d 1288 (Fla. 3d DCA 1981). Plaintiff responds that she "has no intention of offering irrelevant evidence." Joint Motion at 14. The Court accepts Plaintiff's representation, and the Joint Motion is granted as to these issues.

### A.  Plaintiff's Motions *in Limine*

As noted above, Plaintiff's Motions *in Limine* seek to exclude the following evidence or testimony: (1) evidence or argument regarding non-injured passengers; and (2) testimony from Defendant's corporate representative that materially deviates from her deposition testimony.

### i. Non-injured passengers

Plaintiff argues Defendant should be precluded from presenting evidence or argument "to the effect that a large or presumably large number of passengers on ROYAL CARIBBEAN cruise vessels in general, the EXPLORER OF THE SEAS in particular, or both, had used stateroom closets without the closet doors coming loose or falling on them[.]" Joint Motion at 15. For support, Plaintiff accurately observes evidence of non-occurrence of prior accidents or injuries is only admissible if the proponent "show[s] that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017). Plaintiff contends argument or evidence of nonoccurrence is inadmissible because Defendant cannot make this showing here. Defendant responds by pointing out nonoccurrence evidence "is relevant to the defense of lack of notice." Joint Motion at 16 (quoting *Johnson v. Carnival Corp.*, Case No. 19-cv-23167, 2021 WL 1379209, at *4 (S.D. Fla. Apr. 12, 2021)). Moreover, Defendant accurately observes the court in *Acevedo* granted the plaintiff's motion *in limine* on this issue but explicitly noted the defendant "may move for reconsideration if it proffers the requisite information to lay such a foundation." 317 F. Supp. 3d at 1195. Defendant argues *Acevedo* is distinguishable because it can lay the proper foundation for nonoccurrence evidence, namely, by showing prior examples of nonoccurrence are substantially similar.

The Court agrees with Defendant. Plaintiff asserts nonoccurrence evidence should be excluded because Defendant "cannot lay the necessary foundation[.]" Joint Motion at 15. However, Plaintiff fails to point to any such evidence, let alone articulate why this evidence is dissimilar and therefore inadmissible. Further, Plaintiff does not dispute nonoccurrence evidence is admissible if Defendant shows that evidence is substantially similar to this case. *See Acevedo*,

9

317 F. Supp. 3d at 1195. The Court accordingly concludes Plaintiff fails to meet her burden to show the evidence is clearly inadmissible and denies the Joint Motion as to this issue.

### ii.   Corporate representative testimony

Plaintiff argues Defendant should be precluded from introducing any evidence that materially deviates from the testimony of its corporate representative, Amanda Campos ("Campos"), particularly "regarding matters as to which she professed limited knowledge." Joint Motion at 17. For support, Plaintiff accurately observes that a corporate representative testifying as to a "lack of knowledge" on a particular issue "is itself an answer which will bind the corporation at trial." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) (citation omitted); *see also Don Goyo Aviation Corp. v. Catlin Ins. Co.*, 2018 WL 11459453, at *4 (Case No. 17-cv-22390 (S.D. Fla. Sep. 27, 2018) ("As a natural consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial.'") (quoting *QBE Ins. Corp.*, 277 F.R.D. at 690)). Plaintiff thus contends Defendant should be precluded from introducing evidence that materially deviates from Campos's testimony, such as by offering additional evidence of repairs conducted on the closet door at issue. *See* Joint Motion at 17. Defendant responds that "use of [Campos's] deposition for impeachment is the proper method for questioning the witness, not use of a motion *in limine*[.]" *Id.* Defendant also argues Plaintiff ignores *QBE Ins. Corp.*'s observation that "a 30(b)(6) witness need not have personal knowledge of the designated subject matter." *QBE Ins. Corp.*, 277 F.R.D. at 688.

The Court agrees with Plaintiff. As *QBE Ins. Corp.* explains, a witness's "lack of knowledge answer is itself an answer which will bind the corporation at trial." *Id.* (citations omitted). Moreover, the Court precludes the witness from deviating from her deposition

testimony because it would permit Defendant to effectively change her answer by introducing evidence at trial. As such, the Joint Motion is granted as to this issue.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Parties' Joint Motion *in Limine*, **ECF No. [44]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record